IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

KARREN MARTINEZ,        )
                        )
        Plaintiff,       )
                        )
v.                      )   Case No.
                        )   05-5106-CV-SW-REL-SSA
JO ANNE BARNHART,       )
Commissioner of Social Security,  )
                        )
        Defendant.       )

**ORDER DENYING DEFENDANT'S
MOTION TO REMAND PURSUANT TO SENTENCE SIX**

Before the court is the defendant's "Motion to Reverse and Remand". In the motion, defendant requests that the court "reverse the decision of the Administrative Law Judge" and "remand this action to Defendant pursuant to sentence six of section 205(g), 42 U.S.C. § 405(g)". Defendant argues that remand is necessary for further consideration of the evidence of record and possibly for consideration of plaintiff's substance abuse.

On December 8, 2005, plaintiff filed a response in opposition arguing that defendant has not satisfied the "good cause" requirement for remand.

There are only two types of permissible remand under § 405(g): a remand under sentence four which authorizes a court to enter "a

judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing", or a remand under sentence six in which a court does not affirm, modify, or reverse the decision or in any way rule as to the correctness of the administrative determination. Melkonyan v. Sullivan, 501 U.S. 89 (1991); Sullivan v. Finklestein, 496 U.S. 617 (1990).

Sentence four remands require a district court to enter an order affirming, modifying, or reversing the administrative decision, and the court "may" remand for further proceedings. In this case, defendant has requested that the court "reverse" the decision of the Commissioner and remand, not for consideration of additional evidence, but merely for reconsideration. The language of defendant's motion seems to fit squarely within the perimeters of a sentence four remand.

Defendant relies on the language of sentence six allowing remand on motion made by the Commissioner before the Commissioner has filed a response to the action. However, defendant has simply ignored the phrase "for good cause shown" and relied completely on the timing, i.e., that the Commissioner has not yet filed an answer. In the government's defense, I note that the courts tend to do the same. In Shalala v. Schaefer, 509 U.S. 292, 297 n. 2 (1993), the Supreme Court stated,

2

"Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." No mention is made of the good-cause requirement. However, that case dealt with whether a sentence-four remand was appealable. In Melkonyan v. Sullivan, 501 U.S. 89, 100 n. 2 (1991), the Supreme Court stated, "Sentence six also authorizes the district court to remand on motion by the Secretary made before the Secretary has filed a response in the action. That subcategory of sentence six remands is not implicated in this case." The Court made no mention of the good-cause requirement. But again, the Court made clear that that type of remand was not the issue in that case. In Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000), the Eighth Circuit stated, "Sentence six, in contrast, authorizes a remand in only two limited situations: (1) where the Commissioner requests a remand before answering the complaint . . ., or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings." Again, there is no mention of the good-cause requirement when the government requests remand before filing an answer. However, in that case, the court found that the remand was pursuant to sentence four, and the government

3

requested a remand after it filed an answer; therefore, the court did not proceed further in its analysis under that provision.

I have found no case in which a court discussed a motion for remand under the first part of sentence six. In fact, I have found only two cases, both unpublished, wherein the courts acknowledge that "good cause" is a requirement for a part-one sentence-six remand.[1] Despite this lack of legal precedent, I find that the plain language of sentence six requires that the government show good cause in addition to filing the request before filing an answer. To find otherwise would defeat the intent of Congress in limiting the power of the courts to remand and to speed up the appeal process. Congressman Pickle, one of the floor managers of the bill amending § 405(g) in 1980, stated, "[W]e have tried to speed up the judicial process so that these cases would not just go on and on and on. The court could remand [the cases] back down to the ALJ without cause or other reason which was weakening the appeal process at that level." 125 Cong. Rec. 23383 (1979).

Here, the government seeks nothing more than reconsideration of the evidence of record. There is no new evidence. Curiously, though, the

---

[1] Those cases are <u>Huff v. Apfel</u>, 221 F.3d 1352, 2000 WL 1022270 (10th Cir. (Okla.), July 25, 2000); and <u>Formica v. Shalala</u>, 1994 WL 414299 (D. Conn., April 7, 1994).

4

government also seeks reversal of the ALJ's decision. The law is clear that the district court cannot reverse an ALJ's decision pursuant to sentence six.

Based on the above, I find that the motion to remand pursuant to sentence six must be denied because defendant has failed to offer good cause for the remand and because the government's request for a reversal of the Commissioner's decision is inappropriate under sentence six. Therefore, it is

ORDERED that the motion to remand pursuant to sentence six is denied. It is further

ORDERED that defendant file an answer to the complaint by December 23, 2005.

　　　　　　　　　　　　　　　　　　　/s/ Robert E. Larsen
　　　　　　　　　　　　　　　　　　ROBERT E. LARSEN
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Kansas City, Missouri
December 9, 2005